UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE JARRETT,

            Plaintiff,                 No. 14-10410

v.                                 District Judge Stephen J. Murphy
                                 Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS,
ET AL.,

            Defendants.
_____ /

### REPORT AND RECOMMENDATION

On January 27, 2014, Plaintiff Clarence Jarrett, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

Before the Court is a Motion to Dismiss filed by Defendants MDOC, Richard Russell, Joshua Schad, and Heather Bailey [Doc. #29], a Motion to Dismiss filed by Defendants Nikole McLean, Laura Kinder, and Subrina Aiken [Doc. #66], and a Motion for Summary Judgment filed by Plaintiff Jarrett [Doc. #44], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both motions to dismiss be GRANTED, that Plaintiff's summary judgment motion be DENIED, and that the complaint be DISMISSED WITH PREJUDICE as to these Defendants.

### I.    FACTS

Mr. Jarrett makes the following allegations in his complaint [Doc. #1]. He suffered

a serious gunshot wound the 1975, which resulted in the surgical removal of part of his intestines, part of his stomach, a kidney, a spleen, and three ribs from the left side of his back. He continues to have chronic back pain that has "increased considerably and become more constant" over time. However, Mr. Jarrett alleges that neither the MDOC nor any of its health care providers, including Correctional Medical Services, Prison Health Services, Inc., or Corizon, Inc., have properly addressed his pain issues, nor have they seen fit to refer him to an orthopedic specialist "who could properly assess his condition, pain level, and recommend a humane pain management program."

Mr. Jarrett states that on September 15, 2011, he was prescribed Trazodone for pain, but this medication instead "caused him to suffer headaches, blurred vision, dizziness, grogginess, constipation, decreased appetite, restless leg syndrome and sleeplessness." His own library research led him to conclude that Trazodone is not a pain killer, but rather a dangerous, psychotropic drug used to treat severe depression.

Mr. Jarrett states that on October 20, 2011, he filed a grievance against the MDOC, the contract health care providers, and their staff, claiming deliberate indifference to his medical needs. Defendant McLean was the Step I respondent to the grievance, and Defendant Bailey was the Step I reviewer. Defendant Kinder was the Step II respondent. At Step III, the grievance was denied by Defendant Schad (the respondent) and Defendant Russell (MDOC's Manager of the Grievance Section Office of Legal Affairs).

On December 12, 2011, Mr. Jarrett filed another grievance regarding Defendant Dr. Stieve. This grievance was reviewed and denied at Step II by Defendant Aiken as respondent. Defendants Schad and Russell denied the grievance at Step III.

Mr. Jarrett also seeks to hold Defendant MDOC responsible for the Eighth

-2-

Amendment violations of its employees and the employees of the contract health care providers.

## II.    STANDARD OF REVIEW

### A.    Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief

2:14-cv-10410-SJM-RSW   Doc # 75   Filed 10/15/14   Pg 4 of 9   Pg ID 481

that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### B.   Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

-4-

### III.   DISCUSSION

### A.   Individual Capacity Claims Against Grievance Respondents

A plaintiff in a § 1983 case must clearly show that a named defendant was personally involved in the allegations underlying the complaint.  *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir.  1984).  Mr. Jarrett's allegations center on deliberate indifference to his medical needs. These individual Defendants were not personally involved in Mr. Jarrett's medical care, and in fact had no participation in this case until after the unconstitutional acts alleged in the complaint had already occurred. Their only role was reviewing and responding to Mr. Jarrett's administrative grievances. However, the Sixth Circuit has held that liability may not be imposed simply because a defendant reviewed or denied a grievance. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999)((holding that prisoner's claims against defendants whose only involvement was the denial of administrative remedies failed as a matter of law); *see also Martin v. Harvey*, 14 Fed.App'x. 307, *2 (6th Cir. 2001)(denial of a prisoner's grievance does not give rise to § 1983 liability); *Alder v. Corr. Med. Servs.,* 73 Fed.App'x 839, 841 (6th Cir.2003)("The mere denial of a prisoner's grievance states no claim of constitutional dimension.").

To the extent that Mr. Jarrett alleges that these Defendants were part of a conspiracy to deny him proper treatment for back pain, his complaint also falls short under *Iqbal*, in that he has set forth no facts, beyond his own conclusory belief, to support a conspiracy theory. In *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987), the Court  stated the well-settled rule "that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983."  There must be something more than

a defendant's personal belief that he is the victim of retaliation or conspiracy. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Therefore, the complaint should be dismissed as to Defendants Russell, Schad, Bailey, McLean, Kinder, and Aiken.

## B.    MDOC and Official Capacity Claims

### 1.    Eleventh Amendment Immunity

Under the Eleventh Amendment, a State or an agency of a State is protected from a suit in federal court for monetary damages by sovereign immunity. *Alden v. Maine,* 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Eleventh Amendment immunity extends to state officials or employees sued in their official capacities. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Ernst v. Rising,* 427 F.3d 351, 358 (6th Cir.2005).  Specifically addressing suits against the MDOC, Judge Quist in *Ghee v. Woods*, 2013 WL 3466869, at *3 (W.D. Mich. 2013), stated:

> "In addition, Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98–101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *O'Hara v. Wigginton,* 24 F.3d 823, 826 (6th Cir.1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan,* 440 U.S. 332, 341, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan,* 803 F.2d 874, 877 (6th Cir.1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., McCoy v. Michigan,* 369 F. App'x 646, 653–54 (6th Cir. Mar.12, 2010); *Turnboe v. Stegall,* No. 00–1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a 'person' who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents,* 535 U.S. 613, 617, 122

-6-

S.Ct. 1640, 152 L.Ed.2d 806 (2002) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections."

Therefore, all claims for monetary damages against the MDOC and the individual Defendants sued in their official capacities must be dismissed.

### 2.   Claim for Injunctive Relief

In *Ernst,* 427 F.3d at 358–359, the Court held that "immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." (Citing *Ex parte Young*, 209 U.S. 123, 155-56, 28 S.Ct. 441, 52 L.Ed. 714 (1908)).  In this case, Mr. Jarrett has requested injunctive relief in the form of an order for the Defendants to implement an effective pain management program. *Complaint*, Pg. ID 12.  Regardless of whether Eleventh Amendment immunity applies, however, Mr. Jarrett is not entitled to any relief unless he shows that a particular Defendant violated a constitutional right.  He has not done so with regard to the individual Defendants, and he cannot do so with regard to the MDOC.

Mr. Jarrett's claims against the MDOC are necessarily based on supervisory liability for the alleged acts of its employees and agents. However, the Supreme Court has held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," and that for there to be municipal liability (or in this case, State liability), the alleged unconstitutional violation must implement or execute a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers, or be taken pursuant to governmental custom.  *Monell v. Department of Social Services,* 436 U.S. 658, 690-692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  In the present case, Mr. Jarrett has made no plausible allegation that the MDOC or the State of Michigan was personally involved in the alleged violations, acted pursuant to any policy

or custom, or that it participated in, knew of, authorized, or otherwise condoned the acts in question. Conclusory allegations are insufficient to establish that the action was undertaken pursuant to a policy or custom. *Id*. Mr. Jarrett's claim for injunctive relief fails.

Therefore, all claims against these Defendants should be dismissed.

### C.   Plaintiff's Motion for Summary Judgment [Doc. #44]

In response to the MDOC's motion for summary judgment [Doc. #29], Mr. Jarrett filed his own motion for summary judgment [Doc. #44]. For the reasons stated above, the Defendants are entitled to dismissal, and because Mr. Jarrett has failed to state a claim against these Defendants, much less shown that there is an issue of material fact that should go to a jury, his motion must necessarily be denied.

## IV.   CONCLUSION

For these reasons, I recommend that the Motion to Dismiss filed by Defendants MDOC, Richard Russell, Joshua Schad, and Heather Bailey [Doc. #29], and the Motion to Dismiss filed by Defendants Nikole McLean, Laura Kinder, and Subrina Aiken [Doc. #66], be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

I further recommend that Plaintiff's Motion for Summary Judgment [Doc. #44] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise

others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 15, 2014

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 15, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen