UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE JARRETT,

               Plaintiff,                         No. 14-10410

v.                                    District Judge Stephen J. Murphy
                                    Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS,
ET AL.,

               Defendants.

_____ /

**REPORT AND RECOMMENDATION**

On January 27, 2014, Plaintiff Clarence Jarrett, a prison inmate in the custody of

the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint

under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs, in

violation of the Eighth Amendment.

Before the Court are Defendant Jeffrey C. Stieve's Motion for Summary Judgment

[Doc. #36], and Plaintiff's Cross-Motion for Summary Judgment [Doc. #47][1], which have

been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons discussed below, I recommend that Defendant Stieve's motion [Doc. #36]

_____

[1] In Doc. #47, Plaintiff combined his response to Dr. Stieve's motion with his own
cross-motion for summary judgment.

-1-

be GRANTED and that Plaintiff's cross-motion [Doc. #47] be DENIED.

## I.   FACTS

Mr. Jarrett makes the following allegations in his complaint [Doc. #1]. He suffered a serious gunshot wound the 1975, which resulted in the surgical removal of part of his intestines, part of his stomach, a kidney, a spleen, and three ribs from the left side of his back. He continues to have chronic back pain that has "increased considerably and become more constant" over time. However, Mr. Jarrett alleges that neither the MDOC nor any of its health care providers have properly addressed his pain issues, nor have they seen fit to refer him to an orthopedic specialist "who could properly assess his condition, pain level, and recommend a humane pain management program."

Mr. Jarrett states that on September 15, 2011, he was prescribed Trazodone for pain, but this medication instead "caused him to suffer headaches, blurred vision, dizziness, grogginess, constipation, decreased appetite, restless leg syndrome and sleeplessness." His own library research led him to conclude that Trazodone is not a pain killer, but rather a dangerous, psychotropic drug used to treat severe depression. In terms of other treatment, he states that all he has received are "prescriptions for aspirin, tylenol, and motrin, which do little or nothing to alleviate his chronic pain and suffering, along with various psychotropic medications, which not only failed to alleviate his pain but caused him considerable additional physical suffering due to their multiple side-effects...." *Id* at 3a-3b.

Defendant Dr. Stieve is the Chief Medical Officer ("CMO") at the MDOC. Plaintiff states that the position of Dr. Stieve was that he either take Trazodone, which caused unpleasant side effects, or non-prescription analgesics such as aspirin and Tylenol, which Plaintiff found to be insufficiently effective to manage his pain. Plaintiff states that he saw Dr. Stieve on December 8, 2011, and that Dr. Stieve informed him that he would not be getting any pain medication. *Id*. at 3d.

Appended to Defendant's motion is the affidavit of Dr. Stieve. He states that as CMO of the MDOC, his duties are largely administrative, and include supervising the Assistant Chief Medical Officers. *Stieve Affidavit*, ¶ 3.  However, he does not directly supervise anyone with patient care responsibilities. *Id*. ¶ 4. He states that he has reviewed the Plaintiff's electronic medical record ("EMR"), and that he did not provide the Plaintiff with any direct medical care. *Id*. ¶ 5.

Dr. Stieve is also a member of the Pain Management Committee ("PMC"). *Id*. ¶ 7. He states that Plaintiff was referred to the PMC on August 19, 2011 and November 2, 2011. The PMC reviewed Plaintiff's medical records. *Id*. ¶ 6.[2]  Based on the PMC's recommendations in August, the Plaintiff was seen by a medical provider on September 15, 2011, and was given medical information on the use of Trazodone, as well as its potential side effects. *Id*. ¶ 8.  On October 11, 2011, however, a medical provider

---

[2] Dr. Stieve's affidavit is corroborated by Plaintiff's medical records, which have been filed under seal. *See* Doc. #37.

discontinued Trazodone at the Plaintiff's request. *Id*. ¶ 9.

The Plaintiff was referred back to the PMC on November 2, 2011.  Because the Plaintiff was experiencing side effects of Trazodone, the PMC recommended "a non-pharmacological approach in Plaintiff's treatment which included self-massage, stretching and range of motion exercises and heat."  *Id*. ¶ 11.  The Plaintiff had a follow-up appointment with a medical provider on December 8, 2011 to discuss the PMC's recommendations, but Dr. Stieve was not the medical provider that he saw. *Id.* ¶ 12.

Dr. Stieve states that although Trazodone is classified as an anti-depressant, its use for treatment of chronic pain "is accepted in the medical community." *Id*. ¶ 13.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986).  Entry of summary judgment is appropriate "against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*,

477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a

whole could not lead a rational trier of fact to find for the nonmoving party," there is no

genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v.

Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

   Once the moving party in a summary judgment motion identifies portions of the

record which demonstrate the absence of a genuine dispute over material facts, the

opposing party may not then "rely on the hope that the trier of fact will disbelieve the

movant's denial of a disputed fact," but must make an affirmative evidentiary showing to

defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

The non-moving party must identify specific facts in affidavits, depositions or other

factual material showing "evidence on which the jury could *reasonably* find for the

plaintiff."  *Anderson*, 477 U.S. at 252 (emphasis added).  If the non-moving party cannot

meet that burden, summary judgment is clearly proper.  *Celotex Corp.*, 477 U.S. at 322-

23.

## III.   DISCUSSION

   The Plaintiff claims that Defendants, including Dr. Stieve, were deliberately

indifference to his chronic pain, in violation of the Eighth Amendment's proscription

against cruel and unusual punishment. The Supreme Court has held that Under the Eighth
Amendment, prisoners have a constitutional right to medical care. *Estelle v. Gamble,* 429
U.S. 97, 103; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Prison officials may not act with
deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth
Amendment claim has two components, one objective and the other subjective. *Farmer v.
Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v.
McCrary,* 273 F.3d 693, 702 (6ᵗʰ Cir. 2002). Under the objective component, "the
plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the
subjective component, "the plaintiff must allege facts which, if true, would show that the
official being sued subjectively perceived facts from which to infer substantial risk to the
prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*
Deliberate indifference may be established by showing an interruption of a  prescribed
plan of treatment, or a delay in medical treatment. *Id.*; *Caldwell v. Moore*, 968 F.2d 595,
602 (6ᵗʰ Cir. 1992). However, mere negligence or misdiagnosis of an ailment does not rise
to the level of a constitutional violation. *Estelle,* 429 U.S. at 106; *Comstock,* 273 F.3d at
703.  "Where a prisoner has received some medical attention and the dispute is over the
adequacy of the treatment, federal courts are generally reluctant to second guess medical
judgments and to constitutionalize claims which sound in state tort law." *Westlake v.
Lucas*, 537 F.2d 857, 860, n.5 (6ᵗʰ cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151,
154 (6ᵗʰ Cir. 1999), citing *Estelle v. Gamble, supra*, 97 S.Ct. at 292 ("Deliberate

-6-

indifference, however, does not include negligence in diagnosing a medical condition").
The degree of harm or pain that a patient may suffer as the result of negligence does not
in itself convert medical malpractice into a constitutional claim for deliberate
indifference. In *Gabehart v. Chapleau,* 1997 WL 160322, *2 (6th Cir.1997), the Sixth
Circuit stated:

> "It is clear, in hindsight, that [plaintiff] was misdiagnosed on several
> occasions and that, as a result, his course of treatment was inadequate and
> he suffered considerably. It may even be the case, as [plaintiff's] expert
> witnesses testified, that the treatment [Plaintiff] received fell below
> professional standards. *Misdiagnoses, negligence, and malpractice are not,
> however, tantamount to deliberate indifference*." (Emphasis added).

The Plaintiff has met the objective prong of the Eighth Amendment by showing
that he suffers from a sufficiently serious medical condition.  However, his case falters on
the subjective prong, because it cannot be said that Dr. Stieve, being aware of his
condition, was deliberately indifferent.[3]  On August 19, 2011, the PMC, of which Dr.
Stieve is a member, reviewed the Plaintiff's medical file and recommended Trazodone,
which was provided to the Plaintiff in September, along with instructions on its use and
information on its possible side effects. As Dr. Stieve stated in his affidavit, pain
management is a medically acceptable use for Trazodone and other antidepressants.

When the Plaintiff complained of unpleasant side effects, Trazodone was

---

[3] The Plaintiff contests Dr. Stieve's statement that he did not see him on December 8, 2011.  However, even if that fact is in dispute, and even if it were resolved in the Plaintiff's favor, that does not change the conclusion that the Plaintiff received medical treatment for his condition.

discontinued at his request. Plaintiff states that he was given non-prescription pain medication such as Tylenol and Motrin, but that these were ineffective. At a subsequent PMC meeting on November 2, 2011, non-pharmacological treatments such as massage, stretching, range of motion exercises, and heat were recommended. Whether or not these attempts to address Plaintiff's chronic pain were ultimately effective is beside the point from an Eighth Amendment standpoint. While I am not unsympathetic to the Plaintiff's ongoing pain issues, he has at most stated a disagreement with the treatment provided, or perhaps medical negligence. He has not made out a claim for deliberate indifference.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant Jeffrey C. Stieve's Motion for Summary Judgment [Doc. #36] be GRANTED and that Defendant Stieve be DISMISSED WITH PREJUDICE.  I further recommend that Plaintiff's Cross-Motion for Summary Judgment [Doc. #47] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not

preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 3, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 3, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager
