UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE JARRETT,

    Plaintiff,

Case No. 14-cv-10410

v.

HONORABLE STEPHEN J. MURPHY, III

MICHIGAN DEPARTMENT of
CORRECTIONS, et al.,

    Defendants.
                                       /

**ORDER OVERRULING OBJECTIONS** (document no. 78),
**ADOPTING REPORT AND RECOMMENDATION** (document no. 75),
**GRANTING DEFENDANTS' MOTIONS TO DISMISS** (document nos. 29, 66),
**AND DENYING JARRETT'S MOTION FOR SUMMARY JUDGMENT** (document no. 44)

    On January 27, 2014, Clarence Jarrett, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a pro se civil rights complaint under 42 U.S.C. § 1983 against MDOC, Corizon Healthcare (an MDOC contractor that provides medical care to inmates), and numerous prison personnel, including doctors, nurses, and administrative officials. Jarrett alleges Defendants acted with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

    All pre-trial matters were referred to Magistrate Judge R. Steven Whalen. Before the Court is a motion to dismiss by Defendants MDOC, Heather Bailey, Joshua Schad, and Richard Russell, ECF No. 29, a motion to dismiss by Defendants Nikole McLean, Laura Kinder, and Subrina Aiken, ECF No. 66, and a motion for summary judgment by Jarrett, ECF No. 44. The motions have been fully briefed. On October 15, 2014, the magistrate judge issued a Report and Recommendation ("Report"), recommending the Court grant Defendants' motions to dismiss and deny Jarrett's motion for summary judgment. ECF No. 75. Jarrett timely filed objections. ECF No. 78.

Civil Rule 72(b) governs review of a magistrate judge's report. De novo review of a magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, as a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, a district judge is entitled to review the magistrate judge's findings of fact and conclusions of law. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "*de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard"). After examining the record and considering Jarrett's objections de novo, the Court concludes that his arguments do not have merit. Accordingly, the Court will overrule Jarrett's objections, adopt the magistrate judge's Report, grant Defendants' motions to dismiss, and deny Jarrett's motion for summary judgment.

## BACKGROUND

The magistrate judge's Report succinctly details the events giving rise to Jarrett's action against the defendants. Report and Recommendation 1–3, ECF No. 75. In the interest of brevity, the Court will adopt that portion of the Report.

## STANDARD OF REVIEW

I.  Motion To Dismiss

Civil Rule 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss, the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of

2

the non-moving party. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). To determine whether the plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c). The Court will not presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation.

The Federal Rules of Civil Procedure require the claimant to put forth only "enough fact to raise a reasonable expectation that discovery will reveal evidence of [the elements of the claim]." *Twombly*, 550 U.S. at 556. Thus, although "a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Therefore, the Court will grant a motion for dismissal pursuant to Rule 12(b)(6) only in cases where there are simply not "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

II. <u>Summary Judgment</u>

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court must take care, in evaluating the motion, not to make judgments on the quality of the evidence, because the purpose of summary judgment is to determine whether a triable claim exists. *Doe v. Metro. Nashville Pub. Schs.*, 133 F.3d 384, 387 (6th Cir. 1998) ("[W]eigh[ing] the evidence . . . is never appropriate at the summary judgment stage.").

## DISCUSSION

Jarrett made five objections to the Report. He objects to: (1) the applicable standard of review for summary judgment, (2) the magistrate judge's conclusion that the individual defendants were not personally involved in Jarrett's medical care, (3) the recommendation that all claims for monetary damages against MDOC and its officials and employees be dismissed, (4) the magistrate judge's determination that Jarrett's claims for injunctive relief are based on conclusory allegations insufficient to establish a violation, and (5) the Report's recommendation to deny Jarrett's motion for summary judgment. The Court will evaluate each of Jarrett's objections in turn.

First, Jarrett objects to the standard of review used in the magistrate judge's Report. At a minimum, Jarrett objects to the summary judgment standard; it is unclear whether he also objects to the Civil Rule 12(b)(6) motion to dismiss standard. In any case, he appears to object solely "to preserve the issue for de novo review." Objections Report 2, ECF No. 78. He articulates no argument supporting his claim that the Report's standard of review is incorrect. Because the Report correctly states the standard of review for a 12(b)(6)

4

motion to dismiss and a motion for summary judgment, the Court will overrule Jarrett's objection.

Second, Jarrett objects to the Report's recommendation that the Court dismiss the complaint as to Defendants Russell, Schad, Bailey, McLean, Kinder, and Aiken. Specifically, Jarrett disputes the magistrate judge's finding that the individual defendants were not personally involved in Jarrett's medical care. He states that Defendants "worked closely together in a small four room health care station at the prison," which, along with the Defendants' medical backgrounds and Jarrett's frequent visits to their health care station, Jarrett argues, is sufficient to show Defendants' personal involvement. *Id.* at 3.

Jarrett's argument fails. McLean and Bailey reviewed and denied Step I grievances filed by Jarrett; Kinder and Aiken denied Jarrett's Step 2 appeals; and Schad and Russell denied Jarrett's Step 3 appeals. Compl. 3c–3d, ECF No. 1. Defendants are not otherwise mentioned in the complaint. The Report correctly notes that "liability may not be imposed simply because a defendant reviewed or denied a grievance." Report 5 (citing *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Regardless of whether Defendants were personally aware of Jarrett's medical issues, they were not "personally involved" in his care as defined by the Sixth Circuit. The Court will therefore overrule Jarrett's objection.

Third, Jarrett objects to the Report's recommendation that "all claims for monetary damages against the MDOC and the individual defendants sued in their official capacities must be dismissed." Objections Report 4, ECF No. 78. The Court rejects Jarrett's unsupported assertion that Eleventh Amendment immunity does not extend to MDOC and the individual defendants in their official capacities. Eleventh Amendment protection from suit in federal court for money damages for states and state agencies is well-established,

*Alden v. Maine*, 527 U.S. 706, 713 (1999), and such immunity extends to state officials or employees sued in their official capacities, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Jarrett also objects to the Report because it dismisses Defendants based on Eleventh Amendment immunity without considering that Jarrett's claims were also brought against Defendants in their personal capacities. Objections Report 4, ECF No. 78. Compl. 1b, ECF No. 1. But this objection is inaccurate. The Report explains Jarrett must show the personal involvement of each named Defendant and that Defendants' participation did not occur until after the unconstitutional acts alleged. Moreover, in any event, simply reviewing or denying a grievance does not give rise to Section 1983 liability. Report 5, ECF No. 75. The Court agrees with the Report's findings and reasoning.

Fourth, Jarrett objects to the magistrate judge's determination that the claims for injunctive relief, which require a showing that a particular defendant violated a constitutional right, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), are based on insufficient conclusory allegations. With respect to the individual defendants, as stated above, Jarrett's complaint fails to state sufficient facts. With respect to MDOC, as the Report explains, Jarrett's claims rely on a respondeat superior theory of liability, whereby MDOC would be liable for the unconstitutional acts of its employees and agents. Report 7, ECF No 75. A prima facie case requires an allegation that the constitutional violation occurred due to the implementation or execution of a policy or rule. *Monell*, 436 U.S. at 690–92. Again, the complaint fails to state sufficient facts, because Jarrett does not claim that MDOC acted pursuant to any policy or custom. Without such an allegation, Jarrett fails to state a claim upon which relief can be granted.

6

Fifth, Jarrett objects to the Report's recommendation of summary judgment in favor of Defendant MDOC. The Court agrees with the magistrate judge that, with respect to MDOC and the individual defendants considered by the Report, Jarrett has failed to sufficiently plead a claim. Because the Court will order the claims against Defendants to be dismissed with prejudice pursuant to Civil Rule 12(b)(6), Jarrett's motion for summary judgment must necessarily fail.

## CONCLUSION

The Court has carefully reviewed Jarrett's allegations, the parties' motions, the magistrate Judge's Report, and Jarrett's objections. The Court finds Jarrett's objections unconvincing, and agrees with the Report's recommendation to grant Defendants' motions to dismiss and deny Jarrett's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Jarrett's Objection to Report and Recommendation (document no. 78) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation (document no. 75) is **ADOPTED**.

**IT IS FURTHER ORDERED** that MDOC, Russell, Schad, and Bailey's Motion to Dismiss (document no. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that McLean, Kinder, and Aiken's Motion to Dismiss (document no. 66) is **GRANTED**.

**IT IS FURTHER ORDERED** that Jarrett's Motion for Summary Judgment (document no. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that, with respect to Defendants MDOC, Russell, Schad, Bailey, McLean, Kinder, and Aiken, the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 24, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 24, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager