UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE JARRETT,

    Plaintiff,

Case No. 14-cv-10410

v.

HONORABLE STEPHEN J. MURPHY, III

MICHIGAN DEPARTMENT of
CORRECTIONS, et al.,

    Defendants.

                                        /

**ORDER OVERRULING OBJECTIONS** (document no. 85),
**ADOPTING REPORT AND RECOMMENDATION** (document no. 82),
**GRANTING STIEVE'S MOTION FOR SUMMARY JUDGMENT** (document no. 36),
**AND DENYING JARRETT'S MOTION FOR SUMMARY JUDGMENT** (document no. 47)

On January 27, 2014, Clarence Jarrett, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a pro se civil rights complaint under 42 U.S.C. § 1983 against MDOC, Corizon Healthcare (an MDOC contractor that provides medical care to inmates), and numerous prison personnel, including doctors, nurses, and administrative officials. Jarrett alleges Defendants acted with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

The Court referred all pre-trial matters to Magistrate Judge R. Steven Whalen. Before the Court is a motion for summary judgment by Defendant Jeffrey Stieve, ECF No. 36, and a motion for summary judgment by Jarrett, ECF No. 47. The motions have been fully briefed. On February 3, 2015, the magistrate judge issued a Report and Recommendation ("Report"), recommending the Court grant Stieve's motion for summary judgment and deny Jarrett's motion for summary judgment. ECF No. 82. Jarrett filed a timely objection to the Report. ECF No. 85.

Civil Rule 72(b) governs review of a magistrate judge's report. De novo review of a magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because the Court always retains jurisdiction over a motion after referring it to a magistrate judge, a district judge is entitled to review the magistrate judge's findings of fact and conclusions of law. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "*de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard"). After examining the record and considering Jarrett's objection de novo, the Court concludes his arguments do not have merit. Accordingly, the Court will overrule Jarrett's objection, adopt the magistrate judge's Report, grant Stieve's motion for summary judgment, and deny Jarrett's motion for summary judgment.

**BACKGROUND**

The magistrate judge's Report succinctly details the events giving rise to Jarrett's action against Stieve. Report 2–4, ECF No. 82. In the interest of brevity, the Court will adopt that portion of the Report.

**STANDARD OF REVIEW**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is "genuine"

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court must take care, in evaluating the motion, not to make judgments on the quality of the evidence, because the purpose of summary judgment is to determine whether a triable claim exists. *Doe v. Metro. Nashville Pub. Schs.*, 133 F.3d 384, 387 (6th Cir. 1998) ("[W]eigh[ing] the evidence . . . is never appropriate at the summary judgment stage.").

## DISCUSSION

Jarrett makes a single claim in his objection to the Report: that the magistrate judge was incorrect in concluding that Jarrett failed to make out a claim for deliberate indifference.

A claim for deliberate indifference requires the plaintiff to satisfy both objective and subjective components. The objective component is satisfied by showing that the medical need at issue is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires the plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.2d 693, 703 (6th Cir. 2001). The magistrate judge concluded Jarrett met the objective prong of the inquiry, but failed to satisfy the subjective prong. Report 7, ECF No. 82.

Jarrett takes issue with the Report's third footnote:

> The Plaintiff contests Dr. Stieve's statement that he did not see him on December 8, 2011. However, even if that fact is in dispute, and even if it were resolved in the Plaintiff's favor, that does not change the conclusion that the Plaintiff received medical treatment for his condition.

*Id.* at 7 n.3. Jarrett argues the magistrate judge's conclusion is incorrect, because Jarrett "asserts that Dr. Stieve denied [Jarrett] treatment, by denying him pain medication, and other requested medical help as explained in Plaintiff's complaint." Objections 2, ECF No. 85. Specifically, the complaint alleges that "Dr. Stieve informed Jarrett, contrary to what [Defendant Dr. Darrell Brady] had said, that he would not be getting pain medication for his back pain, despite the previous recommendations of Dr. Brady and a physician's assistant." Compl. 3d, ECF No. 1.

Jarrett argues Stieve was deliberately indifferent because he knew Jarrett was suffering from chronic back pain but did not prescribe him pain medication on December 8, 2011, thereby causing Jarrett to suffer unnecessarily. But Jarrett ignores that the Pain Management Committee ("PMC"), of which Stieve was a member, had previously reviewed Jarrett's medical records on August 19, 2011, and recommended Trazodone, a drug for which pain management is a medically acceptable use. Mot. Summ. J., Stieve Aff. ¶¶ 6–9, ECF No. 36. When Jarrett complained of unpleasant side effects from the drug—"headaches, blurred vision, dizziness, grogginess, constipation, decreased appetite, restless leg syndrome and sleeplessness," Compl. 3b, ECF No. 1—the PMC recommended Tylenol, Motrin, and aspirin. Jarrett found these medications failed to alleviate his symptoms. Finally, at a subsequent meeting, the PMC recommended non-pharmacological treatments such as "self-massage, stretching and range of motion exercises and heat." *Id.* ¶ 11.

4

Jarrett has failed to show that Stieve recognized a substantial risk to Jarrett and then disregarded that risk. Even if Stieve did meet with Jarrett for a medical evaluation on December 8, 2011, a nonmaterial fact in dispute, *id.* ¶ 12, Stieve recognized Jarrett's medical issues and treated him accordingly. The PMC initially recommended Trazodone, then re-evaluated the recommendation based on Jarrett's concerns and made further recommendations. And even if Dr. Brady and a physician's assistant told Jarrett he would receive a different pain medication, Stieve was not bound by their statements. Stieve was not required to prescribe Jarrett an alternative pain medication when other medical treatments were available and had been previously recommended by the PMC.

The Court agrees with the magistrate judge that Jarrett's argument is best characterized as a disagreement with the medical care given. But even if Jarrett could show another course of treatment would have been superior, mere negligence or misdiagnosis of an ailment does not create a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). While it is not necessary to show a defendant acted or failed to act "for the very purpose of causing harm or with knowledge that harm will result," *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), "Courts of Appeal have routinely equated deliberate indifference with recklessness," *id.* Jarrett has failed to show Stieve acted recklessly. For this reason, the Court agrees with the magistrate judge's recommendation.

## CONCLUSION

The Court has carefully reviewed Jarrett's allegations, the parties' motions, the magistrate judge's Report, and Jarrett's objection. The Court finds that Jarrett's objection is without merit, and agrees with the Report's recommendations to grant Stieve's motion for summary judgment and deny Jarrett's motion for summary judgment.

5

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Jarrett's Objection to Report and Recommendation (document no. 85) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation (document no. 82) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Stieve's Motion for Summary Judgment (document no. 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that Jarrett's Motion for Summary Judgment (document no. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that, with respect to Defendant Stieve, the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 11, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 11, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager